UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

February 22, 2017

MEMORANDUM TO COUNSEL RE:    Leo R. Byrnes v. Santa Fe Natural Tobacco Company, Inc.
Civil Action No. GLR-16-2445

Dear Counsel:

Pending before the Court is Plaintiff Leo R. Byrnes's Motion to Stay Pending Arbitration (ECF No. 2) and Defendant's, Santa Fe Natural Tobacco Company, Inc. ("Santa Fe"), Motion to Dismiss. (ECF No. 10). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Santa Fe's Motion and deny Byrnes's Motion.

Byrnes was a sales representative for Santa Fe from 2007 to 2013. (Id. ¶¶ 13, 18). He alleges that his supervisors "targeted [him] for discharge and termination because of his age," despite his decades of experience and excellent sales performance. (Id. ¶ 16). Santa Fe terminated Byrnes in March 2013 based upon an allegedly false performance rating in which Byrnes's supervisors concluded Byrnes "Fails to Meet" performance requirements. (Id. ¶ 18). On June 29, 2016, Byrnes filed his Complaint, a Demand for Arbitration, and a Motion to Stay Pending Arbitration. (ECF Nos. 1, 2). Byrnes asserts age-discrimination claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et. seq. (2012). (Compl. ¶ 1, ECF No. 1). Byrnes and Santa Fe both acknowledge that Byrnes's employment contract contained an arbitration agreement and the parties agreed to arbitrate this dispute. Santa Fe, though, opposes Byrnes's Motion to Stay and filed a Motion to Dismiss on July 18, 2016. (ECF No. 10). On August 4, 2016, Byrnes filed a Response (ECF No. 17) and on August 22, 2016, Santa Fe filed a Reply (ECF No. 19).

Byrnes first argues a stay is necessary to "protect and preserve" his claims in the event that Santa Fe seeks to dismiss the arbitration proceedings. (Pl. Resp. at 1–2, ECF No. 17). If, however, all his claims are subject to arbitration—as Byrnes acknowledges here—"no useful purpose will be served by staying the pertinent proceedings pending arbitration." Taylor v. Santander Consumer USA, Inc., No. DKC 15-0442, 2015 WL 5178018, at *7 (D.Md. Sept. 3, 2015) (quoting In re Titanium Dioxide Antitrust Litig., 962 F.Supp.2d 840, 856 (D.Md. 2013)). Additionally, if Byrnes disagrees with the arbitrator's final decision, he can request a judicial review of the arbitrator's reward. Styles v. Triple Crown Publ'ns, LLC, No. WDQ-11-3759, 2013 WL 3944471, at *7 n.19 (D.Md. July 30, 2013) (quoting Sea-Land Serv., Inc. v. Sea-Land of P.R., Inc., 636 F.Supp. 750, 757 (D.P.R. 1986)). Accordingly, the Court concludes that preserving Byrnes's claims through a stay is unnecessary.

Byrnes next argues that the Federal Arbitration Act (FAA), 9 U.S.C. § 3 (2012), requires a stay of an arbitrable claim. Byrnes relies on Hooters of America, Inc. v. Phillips, where the court, interpreting § 3 of the FAA, held that "the FAA commands the federal courts to stay any ongoing judicial proceeding." 173 F.3d 933, 937 (4th Cir. 1999). Byrnes's interpretation of Hooters, however, overlooks that Hooters dealt with the enforceability of an arbitration agreement. Id. at 937. Hooters failed to address whether a stay is mandated when an arbitration provision is enforceable, and only held that a stay is preferable to a court continuing with a case while arbitration is pending. Id. at 936–37 (recognizing the "longstanding judicial hostility to arbitration" that the FAA's "liberal federal policy favoring arbitration agreements" reversed when enacted in 1925) (internal quotations omitted).

In fact, contrary to Byrnes's interpretation of § 3, the Fourth Circuit in Choice Int'l Hotels, Inc. v. BSR Tropicana Resort, Inc., held, "[n]otwithstanding the terms of § 3 . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." 252 F.3d 707, 709–10 (4th Cir. 2001). In Choice Hotels, the Fourth Circuit analyzed the arbitrability of plaintiff's claims, rather than the general enforceability of the arbitration agreement, as it did in Hooters. See id. at 710–11 (considering the applicability of the arbitration agreement's exception to each of the plaintiff's claims). The Fourth Circuit ultimately stayed the case in Choice Hotels finding arbitration was inapplicable to one of the plaintiff's several claims. See id. at 712 ("Choice's complaint is not subject to dismissal, because it contains at least one non-arbitrable claim.").

Byrnes, while acknowledging Choice Hotels, argues there is unresolved "tension" or inconsistency in the Fourth Circuit between Choice Hotels and Hooters. See Aggarao v. MOL Shipping Mgmt. Co., Ltd., 675 F.3d 355, 376 n.18 (4th Cir. 2012) ("There may be some tension between our decision in Hooters . . . and Choice Hotels."). The Fourth Circuit, however, has relied on Choice Hotels to dismiss cases where all of the claims are subject to arbitration. See Poteat v. Rich Prods. Corp., 91 F.App'x 832, 835 (4th Cir. 2004) (compelling arbitration and dismissing the action where all of the claims are arbitrable, citing Choice Hotels). Following this line of Fourth Circuit decisions, courts in the District of Maryland have uniformly dismissed cases where all of the claims are arbitrable. See, e.g., Van Horn v. Symantec, No. GJH-15-1452, 2015 WL 8751411, at *2 (D.Md. Dec. 14, 2015) (relying on Choice Hotels to dismiss the matter because the claim is subject to arbitration); Bey v. Midland Credit Mgmt., No. GJH-15-1329, 2016 WL 1226648, at *5 (D.Md. Mar. 23, 2016) (granting defendant's motion to dismiss when it moved to stay or in the alternative dismiss, holding that "because all of the Plaintiff's claims . . . are subject to arbitration, dismissal of this action is appropriate"). Here, because both Byrnes and Santa Fe agree that all of Byrnes's claims are arbitrable, the Court will grant Santa Fe's Motion to Dismiss.

For the foregoing reasons, the Court GRANTS Santa Fe's Motion to Dismiss (ECF No. 10) and DENIES Byrnes's Motion to Stay Pending Arbitration (ECF No. 2). Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge